## HALL v. DORAN & BAKER.

1. DEED IN EQUITY. A deed executed by a county judge, under the county
seat pre-emption Act of Congress, passed April 6th, 1854, to a party in
possession wrongfully or by fraud against the party legally entitled thereto,
will be treated in equity as conveying only the legal title in trust for the
beneficiary. The grantee thus holding the property subject to the para:
mount equity, may be decreed to convey.

2. SAME: ESTOPPEL. A court of equity will not enforce such a conveyance
when the party legally entitled thereto has neglected and failed to assert
his right or to enforce his ownership of the property, for such a length
of time and under such circumstances as to estop him from questioning
the title of the actual occupant.

*Appeal from Pottawattamie District Court.*

THURSDAY, JUNE 12.

THE petition represents that in 1850, one John Martin
was the owner and occupant of a certain claim on land
belonging to the government of the United States, and
situated in the town of Kanesville, Pottawattamie county,
Iowa; that Martin while in possession had large and valua-
ble improvements thereon; that on the 10th day of July,
1850, he sold said claim to Franklin Hall, and conveyed the
same to him by a quit-claim deed; that said grantee took
full and peaceable possession under said conveyance, and
made valuable improvements on the premises; that in June,
1851, the said Franklin Hall conveyed to the plaintiff; that
in the same year the defendants, or those claiming under
them, took forcible possession of the premises, and so con-
tinue to hold the same; that the plaintiff demanded of the
County Judge of Pottawattamie county, a deed conveying
said premises, under the act of Congress of April 6th, 1854,
tendering the amount which, under said act, entitled him to
a deed; that the County Judge, acting fraudulently and in
collusion with the defendants, with a full knowledge of
plaintiff's rights, refused to execute such deed; but did exe-

·cute and deliver to said defendants a deed conveying to them the property in controversy.   The prayer was for a decree compelling the defendants to convey to plaintiff the property in controversy, and for general relief.   The answer denied the allegations of the petition, and alleged that plaintiff never was an actual or constructive occupant of the lot in controversy; that they, the defendants, "obtained possession of said premises by purchase from the former legal occupant, and have held and enjoyed peaceable and quiet possession of the same for more than two years before the passage of the act of Congress aforesaid." The remaining facts are presented in the opinion of the court. The plaintiff appeals.

·C. E. Stone for the appellant.

Frank Street for the appellee.

WRIGHT, J.—By reference to 6 Iowa, 433, it will be found that this cause was before us in 1858, and remanded, for the reason that the issue determined in the court below was an immaterial one, settling no question upon which to predicate a decree.   Since that time, the parties have prepared the case, had it referred to a master, who found the equities in favor of respondents, and this being confirmed by the court below, complainant again appeals.

No argument has been made by appellant.   An examination of the evidence, and arguments filed with the master, however, has brought us to the conclusion that the decree below should be affirmed.

The question is, who was the occupant, and entitled to a deed to the lots in controversy, at the time the conveyance was made to the respondents by the County Judge, on the 2d of June, 1854?   By occupant, as here used, is not meant, simply, the person who, at the time, may be in the possession of the premises.   That is to say, if the deed was made

to one in possession wrongfully or by fraud, against the person actually and legally entitled to it, the grantee would become the trustee for the beneficiary, holding the property subject to the paramount equity, and would be decreed to convey. And, therefore, though complainant was not in possession, and though respondents were such occupants, yet if their possession was in fraud of complainant's rights, this should not avail them. For it was the intent of the Act of Congress and the law of this state, to settle the actual rights and equities of the parties, and not to leave the right to the accident of possession or occupancy at the time the deed was made.

If satisfied, therefore, that the possession of respondents was wrongful, as against the rights of complainant, at the time the County Judge made the deed, we should not hesitate to decree that such possession should be surrendered, and that they be required to convey to the equitable owners.

But, in our opinion, the master puts the case upon the true ground, when he finds that complainant, and those under whom he claims, had neglected and failed to assert their right, or to enforce ownership to the property, for such a length of time, and under such circumstances, as to estop him from now questioning respondent's legal title. The person in actual possession is, in the absence of testimony, presumed to be the rightful occupant. And unless those attacking this possession, and the legal title based thereon, can overcome this presumption by clear testimony, the legal title must prevail. And therefore, where, as in this case, the testimony tends very strongly to show that respondents, and those under whom they claim, had for several years been in uninterrupted possession, that the possessory right had, for a valuable consideration, been transferred, from time to time, by conveyances made and recorded with the knowledge of complainant, that he took no steps to enforce his rights, that respondents made valuable improvements

thereon, without sufficient knowledge of any adverse claim, notwithstanding complainant lived near the premises and had knowledge of many, if not all, these facts, — we say that when all these matters are taken in connection with the fact that respondents have the legal title, that complainant asserts his superior equity, and upon him, therefore, is the burden of proof, we think that the master and court below might well conclude that the bill should be dismissed.

Affirmed.