HEAD BROTHERS, Appellees, v. SARAH A. NEWCOMB *et al.*, Appellants.

**Judgment:** SATISFACTION: RECORD: ESTOPPEL. Where a judgment was permitted to appear satisfied of record, by a sale of real estate under execution, for nearly a year, when the sale and satisfaction were set aside, on the ground that the property sold was the homestead of the judgment debtor, and the judgment reinstated by order of court, *held*, that a mortgage, which was junior to said judgment, and purchased after maturity, but before the satisfaction of said judgment was set aside, and without notice of said homestead rights of the judgment debtor, was entitled to priority over said judgment.

UPON REHEARING.

**Judgment:** SATISFACTION: RECORD: MISTAKE: PRIORITY OF LIENS. The priority of the lien of the mortgage in such case would not be affected by the fact that, prior to the purchase of the mortgage, an order of court had been entered setting aside the levy and sale under said judgment, if proceedings to reinstate said judgment were not commenced until after said purchase.

*Appeal from Greene District Court.*—HON. J. H. MACOMBER, JUDGE.

SATURDAY, OCTOBER 8, 1892,

· ACTION in equity in two counts for the foreclosure of two separate mortgages on real estate, executed by Sarah A. Newcomb by her then name of Sarah A. Foley, to secure her certain promissory notes. No defense is made against the first mortgage, therefore it will not be further noticed. The defendants Caughlin and Boyd, judgment creditors of Sarah A. Newcomb, defend, and allege that said second mortgage, and note secured thereby, were given without consideration, and with intent to defraud these defendants as such creditors. The plaintiffs in reply admitted that judgments were rendered against Sarah A. Newcomb in favor of the defendants and alleged that they were paid and fully satisfied of record on the first day of June, 1889; that they were reinstated May 1, 1890, without notice to the plaintiffs. They deny that said note and mortgage are without consideration, or that they were given with intent to defraud the defendants. The decree was entered in favor of the plaintiffs upon both mortgages. The defendants Caughlin and Boyd appeal.— *Affirmed*.

*J. A. Gallaher*, for appellants.

*Head & Smith*, for appellees.

GIVEN, J.—The appellants contend that, as the note and mortgage in question were assigned to the appellees after due, they hold the same subject to any defense which might be made, if suit were brought by the indorser, and that as said note and mortgage were given without consideration, and to defraud the appellants as judgment creditors of Sarah A. Newcomb, the appellees are not entitled to recover thereon. The appellees concede the general rule to be as stated, but contend that under the facts the appellants are estopped, by reason of their laches, from maintaining said defense

as against the appellees. The facts as shown by the evidence are these: The appellants each obtained judgment in the district court against John Foley as principal and Elizabeth A. Foley as surety, November 27, 1886. On June 1, 1889, execution upon each judg- ment was returned "satisfied in full by the sale of land levied upon." The court records thus stood until the following entry was made:

Appearance No. 2,043, Sarah A. Newcomb against J. H. Black, sheriff, Alexander Boyd and Edward Caughlin. Defendants appeared by J. A. Gallaher, their attorney. Plaintiff appeared by J. D. Howard, her attorney. And now, to wit, on this first day of May, A. D. 1890, this case comes on to be heard on the motion of Boyd and Caughlin to correct the decree herein, and reinstate their judgment against the plain- tiff, and the court, being fully advised, finds that the original judgment against plaintiff, and in favor of said defendants Boyd and Caughlin, was satisfied and can- celled by the application of the proceeds of land that this plaintiff owned, and by authority of executions issued therefor. That afterwards, that is to say, after February, 1890, term of this court in this action, said levy and sale were set aside and held to be naught by the court, as said land so sold was held to be the home- stead of this plaintiff and exempt from execution. Therefore said motion is sustained, and this order adjudged and decreed by the court that the said original judgments be, and they are hereby, reinstated, and the clerk of this court is directed to enter upon judgment docket against said judgments the fact that they are now reinstated, and are now in full force and effect, as though said sale and payments had never been made."

It does not appear when this motion was filed, nor when, "after February, 1890, term," said levy and sale were set aside. According to the time fixed for the terms of that court in 1890, of which we take judicial

notice, the next regular term after February commenced
April 28; hence we conclude that the levy and sale
were set aside on or after that date, and before May 1.
The note and mortgage in question were assigned to
the appellees on March 11, and the assignment filed for
record on March 17, 1890. It will be observed that at
the date on which the appellees purchased the note and
mortgage the appellant's judgments appeared to be fully
satisfied. There is no evidence that the appellees had
any other notice concerning these judgments than that
imparted by the record. It will also be observed that
the appellants permitted their judgments to thus appear
to be satisfied for nearly one year, and that their
motion to reinstate them was not until some time after
the appellee's assignment was filed for record; and that,
notwithstanding the record of the assignment to the
appellees, no notice was given to them of the applica-
tion to reinstate the judgments. There is no question
but that the appellees purchased the note and mortgage
in good faith, for value, and without any information
that would cause them to doubt the correctness of the
record showing appellant's judgments to be satisfied.

It is argued that, as the land sold under the exe-
cution was the homestead of the execution defendant,
and not subject to levy and sale, the sale was no
satisfaction of the judgments, and that they stood
reinstated by operation of law. Let this be conceded,
yet it does not appear that the appellees knew that the
land sold was the homestead. We infer from the
record entry copied above that it was questioned
whether or not it was the homestead of Sarah A.
Newcomb, and there is nothing shown that would
have put the appellants upon inquiry, or have required
them to decide that controverted question. We are in
no doubt but that the appellees purchased and paid
full value for the note and mortgage in the belief that
there were no prior judgment liens upon the mortgaged

property, and that, if the appellants had proceeded with reasonable promptness to have the satisfaction of their judgments appearing of record set aside, and the judgments reinstated, the appellees would not have so purchased the note and mortgage. "A court of equity will never interfere in opposition to conscience or good faith. * * * It will never be called into activity to remedy the consequences of laches or neglect, or the want of reasonable diligence. * * * A court of equity applies the rule of laches according to its own ideas of right and justice. Every case is governed chiefly by its own circumstances. Whether the time the neglect has subsisted is sufficient to make it effectual is a question to be observed by the sound discretion of the court." *Withrow v. Walker*, 81 Iowa, 651, and cases there cited. It is a familiar and invariable principle of equity that, where one of two innocent persons must suffer, he who is the cause of the loss must bear it. Concede to these judgment creditors the right to make any defense against this note which the maker might interpose, yet, like the maker, the right to defend may be barred by laches. Applying the principles of equity mentioned above, it seems to us entirely clear that these appellants have no right in equity to question the appellees' right to recover on this note and mortgage. It would be inequitable and unjust to hold that the appellees, who were led to purchase the note in good faith, and for full value, by reason of appellants' neglect to have their judgments reinstated, may be defeated by the defense set up by the appellants.

This view of the case renders it unnecessary that we inquire whether the note and mortgage are without consideration, and fraudulent, as alleged. The decree of the district court is AFFIRMED.

OPINION UPON REHEARING.

FRIDAY, JANUARY 19, 1894.

GRANGER, C. J.—The appellants, in their petition for a rehearing, present the question of the correctness of the opinion in holding them guilty of laches in their proceeding to reinstate the judgments that were satisfied on the first of June, 1889. It is said in the petition that there is a mistake as to dates that may have led the court to a mistaken conclusion. It will be seen, by reference to the opinion, that the court was in doubt as to the precise date of the order setting aside the sale that led to the entry of satisfaction of the judgments, it being there stated: "It does not appear when the motion was filed, nor when, after February, 1890, term, said sale and levy were set aside, and the time in the opinion is fixed as about April 28. The appellants now call attention to the fact that the abstract is incorrect and that the words, "after February, 1890, term," should read "at the February, 1890, term," and it is said that the exact time was February 25. It is also urged that the pleadings do not properly present the question of an estoppel.

We were, of course, justified in considering the case with the facts as they appeared in the record. However, taking the record as claimed, and disregarding the theory of laches, we do not see how a different result is to be arrived at. Our reasoning will be more intelligible if we briefly summarize the facts in connection with it.

The defendants' judgments were obtained in November, 1886. Executions were taken thereon, and the homestead of the judgment debtor, being land other than that covered by the mortgage, was sold June 1, 1889, and the judgments satisfied of record,

In November thereafter, the judgment debtor, Mrs. Newcomb, instituted proceedings to have the levy and sale set aside, and on the twenty-fifth of February, 1890, an order was entered setting aside the levy and sale. At the April term, 1890, of the court, a motion was filed to reinstate the judgments, which was granted. On the eleventh of March, 1890, between the times of setting aside the levy and sale of the homestead and the reinstatement of the judgments, the plaintiff firm purchased the mortgage in question, and afterwards instituted this proceeding to foreclose the same, making the appellants Boyd & Caughlin parties defendant. These facts present the condition of the liens as they appeared when the plaintiff obtained the mortgage, and, we think, independent of the question of laches, it had a right, in good faith, to rely on the facts as they appeared of record. It will be remembered that the appellants were the parties that brought about the condition of the record on which the plaintiff relied. While it was the duty of the plaintiff, in making its purchase, to take notice of the public records, as they indicated the condition of the lands covered by the mortgage, it was not required to take notice of the record condition of other real estate, not, presumably, affecting such lands, in the absence of notice to that effect. At the time the mortgage was purchased, there were no judgment liens. The only rights the appellants had were those in action to create or reinstate judgments. The plaintiff was not required to take notice of, nor to anticipate, such a right or such proceedings. It seems to us to be an undoubted legal proposition that, as to third persons without notice, the entry of the satisfaction of the judgments was a suspension of the liens. In other words, as to such parties, there were no liens. Had the plaintiffs, during that period, taken a new mortgage to secure an investment, relying upon the records, its right to protection

would not be questioned. The difference, and the only one, is that it made the investment in a former security that, from the record, it had a right to believe was a first lien.

It is urged that the appellants were not in fault for the satisfaction of the judgments, because they honestly believed the sale of the other land was valid. In a very important sense, they were not in fault; that is, they made only an honest mistake. But such mistakes often lead to legal liabilities or losses. The same may be said of the plaintiff, in making the investment. It was not in fault. The appellant's mistake entails upon one of the parties a loss. Under the familiar rule stated in the opinion, it should be the party causing it, where both are innocent. As to other points discussed, we are content with the reasoning of the former opinion, and the conclusion therein announced is adhered to. AFFIRMED.