STANLEY WOODWARD, GEORGE WOODWARD, CHARLES FRANCIS and ELIZABETH SCOTT, Appellants, v. FRED BARR and NANCY WOODWARD.

Quieting title: LACHES: EVIDENCE. In an action to quiet title and recover possession of real property the evidence is reviewed and held to show such laches on the part of plaintiffs as to bar recovery.

*Appeal from Butler District Court.*— HON. J. F. CLYDE, Judge.

WEDNESDAY, NOVEMBER 15, 1905.

ACTION in equity to quiet the title to and to recover the possession of real estate. There was a judgment for the defendants, and the plaintiffs appeal.— *Affirmed.*

*Geo. M. Craig,* for appellants. .

*M. Hartness,* for appellees.

SHERWIN, C. J.— In 1868 George W. Woodward, who was a resident of the State of Pennsylvania, bought the land in question for the purpose of furnishing a home for Abisha Woodward, who was his nephew and a resident of the State of Iowa. He took the title in his own name, and he and Abisha executed a written agreement, bearing date the 1st day of January, 1869, which stated that George W. Woodward had loaned to Abisha Woodward a small sum in addition to the $1,000 advanced for the purchase of the land, and that the total indebtedness of said Abisha Woodward on account of both items and the interest thereon was in excess of $1,100. The instrument also purported to lease the premises to Abisha Woodward for the term of one year, and from year to year thereafter, upon the payment of annual rent of $80. It also provided that larger payments might be made at any time, and that when the principal sum loaned, with interest, was paid — the rent in such event to be treated as interest — a conveyance of the land would be made to Abisha Woodward, his heirs or assigns. Abisha Woodward took actual possession of the farm early in 1869, and resided thereon until his death in March, 1895, improving the same and paying the taxes thereon as if it had been his own. The defendant Nancy Woodward is his widow, who claims a life estate in the land, and the defendant Barr is a grantee thereof from the heirs of Abisha Woodward; his title being subject to the

aforesaid life estate.   Geo. W. Woodward died in 1875, and
the plaintiffs claim as his heirs or devisees; the title to the
land having stood in his name to the present time.

This suit was commenced in April, 1903.   The defend-
ants plead the statute of limitations, adverse possession, and
laches.   There is evidence that Abisha Woodward made pay-
ments under the memorandum mentioned, but the amount and
date thereof is left in hopeless obscurity because of the death
of both parties to the agreement.   The defendant Nancy
Woodward was 75 years old when her deposition was taken to
be used in the case, and she knew but little concerning the
business transactions between her husband and his uncle.

George W. Woodward died in a foreign land, and seems
to have left no record which sheds any light on the transac-
tion.   We need not determine whether there was an actual
lease of the land, or whether the title was taken as security
for the debt mentioned in the written agreement; for what-
ever construction we might place on the transaction would be
immaterial; in view of the conclusion we reach that the
plaintiffs' laches and delay in asserting their claim should
bar recovery.   The deed was duly recorded in Butler county
at the time of the transfer of the title, and it afforded con-
structive notice to all the world that the title stood in George
W. Woodward from that time until suit was brought herein.
In addition to this, there is direct evidence that at least one
of the plaintiffs had actual knowledge of the transaction be-
tween the two deceased men nearly twenty years before, and
there are circumstances tending to show that such knowledge
was possessed by all of the plaintiffs for a much longer time.

Twenty years elapsed between the death of George W.
Woodward and that of Abisha Woodward without a word
on the subject or the assertion of any claim to the land, and
not until eight years after the death of the latter was this
suit commenced.   A court of equity will not and should not
enforce stale claims, when it is apparent that the neglect has
rendered it difficult to determine the very right of the matter;

and such is the case before us.   In *Withrow v. Walker,* 81
Iowa, 651, it is said:  " A court of equity applies the rule
of laches according to its own ideas of right and justice.
Every case is governed chiefly by its own circumstances.
Whether the time the negligence has existed is sufficient to
make it effectual is a question to be resolved by the sound
discretion of the court."

As we have seen, the plaintiffs were negligent for nearly
twenty years during the life of Abisha Woodward, and their
conduct was well calculated to induce the belief that they
had no faith in their title, and would not attempt to assert
it against him.   The real owner of land may, by his negli-
gence, estop himself from asserting title.   *Hall v. Doran,* 13
Iowa, 370.   And a court of equity " will never interfere in
opposition to conscience or good faith.   .   .   .   It will
never be called into activity to remedy the consequences of
laches or neglect, or the want of reasonable diligence."
*Withrow v. Walker, supra; Mickel v. Walraven,* 92 Iowa,
423.   There is no evidence that Abisha Woodward concealed
anything fom the plaintiffs, or that they were in any way
misled by his acts.

The judgment is *affirmed.*