GEORGE RICHEY et al., Appellants, v. FRANK RICHEY et al., Appellees.

**LIMITATION OF ACTIONS:** Adverse Possession and Estoppel—Barring of Undiscovered Title. A decree setting aside to a widow lands as dower, under the good-faith belief that the lands belonged to the deceased husband at the time of his death, followed by subsequent conveyances and unqualified possession and undisputed claim of ownership thereunder for 16 years, ripens an indefeasible title, both by estoppel and by adverse possession, against one who, at the date of the decree was of full age, *a party to the decree,* and the record owner of the land, *though the latter fact was not discovered by him until after the lapse of said 16 years.*

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 15, 1921.

ACTION to quiet title to certain real estate and to recover possession thereof, and for an accounting for rents and profits. A cross-petition was filed, praying that the title to said described real estate be quieted in the defendant Gagle. The court dismissed the plaintiffs' petition, and by decree quieted the title to the real estate in controversy in the defendant. Plaintiffs appeal. Gagle is sole appellee.—*Affirmed.*

*Ross R. Mowry,* for appellants.

*Hammer & Tripp, Campbell & Campbell, Schultz & Hamill, M. E. Penquite,* and *J. L. Witmer,* for appellees.

FAVILLE, J.—This case involves the title to 15 acres of land. It appears that, on or about the 16th day of August, 1866, one Anderson Richey, who was at said time a widower, made application to the probate court of Jasper County, Iowa, for appointment of himself as guardian of his minor children. The said

application of said guardian recites that the wife of the said
applicant died in the month of April, 1866, and recites that:

"She left certain property, and three infant children, who
are now under 14 years of age, to wit, Milton Richey, age 11
years, Martin A. Richey, age 8 years, and Ella Richey, age 1
year, and also three other children."

The said application also recites that the personal property
of the said infants did not exceed the sum of $25, and that the
annual rental of the real estate of the said infants did not ex-
ceed the sum of $25. The record in said proceedings is very
meager, but it appears that Anderson Richey gave a bond as
guardian of the five minors, to wit, John A., George, Milton, Mar-
tin A., and Ella, and took oath as guardian of said named minors.
Nothing further appears to have ever been done in connection
with said guardianship matter, so far as the records of the pro-
bate court disclose. No inventory was ever filed, and no reports
of any kind were ever made.

On or about the 15th day of February, 1871, the deed which
is the basis of this controversy was executed. Said deed is an
ordinary quitclaim deed, reciting a consideration of $100, and
was executed by one Harvey J. Skiff. The deed recites that the
grantor does "hereby sell and quitclaim unto Anderson Richey,
guardian of George, M. W., M. A., and Ella Richey," the 15
acres in controversy. This deed was recorded February 22,
1871. The appellants herein are George Richey, M. W. Richey,
and Ella Richey Fisher, and the sole heirs at law of M. A.
Richey, now deceased. Appellants claim that they are the ab-
solute and unqualified owners of the land in controversy, by
virtue of the said deed. It appears from the record that, at the
time the deed was executed, the father, Anderson Richey, was
the owner of other land, adjacent to the 15 acres in question,
upon which he resided; and the undisputed evidence shows that,
after the execution and recording of said deed, the said Ander-
son Richey took possession of the said 15 acres, and thereafter
used and farmed the same in connection with his other lands,
until his death.

Anderson Richey remarried, and by his second wife a num-
ber of children were born to him. The said Anderson Richey
died on the 14th day of December, 1901, leaving a will, which

was executed on September 6, 1897, and by the terms of this will disposed of all of his real and personal property. By specific description he devised the 15 acres in controversy to his wife during her natural life, and, at her death, to his children, Milton W., Frank, George, Clifton, Morton, Ella, Sylvia, and Margaret, share and share alike. Part of said parties are children by the second marriage. His surviving widow, Caroline, elected to take under the will. Later, a guardian was appointed for the said widow, and, on application by the guardian to the court, the election of the widow to take under the will was vacated and set aside, and an election was made for and in behalf of the said widow, to take her distributive share under the statute.

Some time later, in 1903, the guardian of the said widow brought an action in the district court of Jasper County, Iowa, for admeasurement of the widow's dower. All of the heirs at law of Anderson Richey and the beneficiaries under his will appear to have been made parties to said action, and to have appeared therein by counsel. In said action, the court found that the said Anderson Richey, at the time of his death, was seized of the real estate in controversy in this action, together with other real estate, and decreed the appointment of referees, to admeasure and set off the distributive share of the widow in the property of the said decedent. Thereafter, the referees appointed by the court in said proceedings made their report to the court, setting off to the said widow as her dower the 15 acres in controversy, together with other land. The remaining portion of the real estate owned by the said ancestor, Anderson Richey, was disposed of to the various heirs of said decedent.

The record shows that, after said proceedings were had, the guardian of the said widow took possession of the 15 acres of land in controversy, and paid the taxes thereon, collected the rents and profits, and had full possession and control of the same until the death of the said widow, which occurred on February 3, 1917. Thereafter, one of the heirs of the said widow instituted a proceeding for the partition of the land which had been so admeasured and set off to the widow. The appellants herein were not made parties to said last mentioned proceeding, evidently because they were not heirs of said Caroline.

On or about October 31, 1917, a decree was entered in said cause, confirming the shares of the respective parties in and to said property, and ordering the same sold by referee. The appellee, Gagle, holds his title by virtue of the sale of said premises in said partition action under the decree of said court. The trial court dismissed plaintiffs' petition to quiet title, and quieted the title to said real estate in the appellee, Gagle, on his cross-petition.

There is no evidence in the record that any money or property belonging to these appellants was used for the purchase of the property in controversy by Anderson Richey. The record is utterly devoid of any evidence tending to show the source from which the purchase price of said property was obtained. If it be assumed that the appellants acquired an interest in said described real estate by virtue of the quitclaim deed in controversy, then the real question presented for our determination is whether or not the appellants can now assert said title to said premises against the appellee. The undisputed evidence shows that all of the appellants lived with the father, Anderson Richey, upon the farm of which the premises in controversy were a part, until they attained their majority, and lived in the vicinity of the farm for some years thereafter. The youngest of the appellants became of age in 1884. The evidence shows that none of the appellants had any actual knowledge of the deed in controversy until shortly before the bringing of this action, in 1919. One of the appellants was the executor of his father's will. All of the appellants appear to have been advised of the proceedings that were had under the father's will. Each of them was a beneficiary under said will, and received a devise thereunder. The appellants also knew of the proceedings by which the 15 acres in controversy were set off to the widow, Caroline, as part of her distributive share in the estate of the said decedent.

There is some question as to the employment of counsel to represent the appellants in the proceedings in which the dower was admeasured and set off to the widow. The notices, if any, that were served in said proceedings, and the returns thereon, do not appear in the record; but the decree admeasuring and

setting off the widow's dower affirmatively recites that the appellants appeared by counsel in said proceedings.

We are convinced from the record that the appellants were parties to said proceedings, and were fully advised of the fact that the 15 acres in controversy were by said decree of the court duly set off to the widow, Caroline, as part of her distributive share in the estate of the decedent, Anderson Richey, and also that, from and after the date of said decree, to wit, March 7, 1903, the appellants knew that the guardian of said Caroline Richey was exercising ownership of said premises for and in her behalf. In fact, the appellants, as witnesses upon the trial of this case, conceded that they believed that said 15-acre tract was a part of the estate of their father, Anderson Richey, and knew and understood that the same was set off to his widow as a part of her share, and that her guardian exercised full ownership over the premises from and after the date of said decree admeasuring dower.

The appellants contend that they had no knowledge or information of the existence of the deed in controversy until after the death of the widow, Caroline, and about the time of the partition proceedings for the division of the property belonging to her estate, in 1919.

There can be no question that the ancestor, Anderson Richey, at all, times after its purchase treated this property as though he were the owner thereof, and disposed of it by will as such owner. This alone, however, would not be sufficient to bar the appellants of their right to claim the premises under the deed. But after the death of Anderson Richey, by legal proceedings, to which the appellants were parties, the court adjudged and decreed that the said Anderson Richey was the owner of the said tract at the time of his death, and by said decree set the said property aside to the widow, and established and confirmed the title to the said land in the said widow at said time. As before stated, this was in March, 1903, more than 16 years prior to the commencement of this action. The appellee holds under the title so placed in Caroline Richey by the said decree admeasuring dower, and it is undisputed that, at all times after said decree, the actual possession of the said premises by Caroline and those claiming under her has been open, notorious,

continuous, uninterrupted, exclusive, and hostile, and adverse to the claims of any other person. Said parties have at all times not only had possession of said premises, but have collected the rents and profits thereon, paid the taxes, and in every manner exercised full ownership of the same. Conceding that the appellants obtained title to said premises by the deed from Skiff to Anderson Richey in 1871, and also conceding that the appellants had no actual knowledge of the existence of said deed or its provisions or their rights thereunder until 1919, the question is whether or not, in the face of the foregoing facts, the appellants can now assert title to said premises under said deed against the title of the widow, Caroline, and those claiming under her. The appellee pleaded the bar of the statute of limitations; that he held title by adverse possession; and that the appellants were estopped from asserting their title to the premises under said deed. Counsel for appellants challenge the sufficiency of appellee's pleadings in this respect, but we are of the opinion that appellee's cross-petition clearly and specifically presents these matters in issue. *Gray v. Bloom,* 151 Iowa 566. Upon this state of the record, we see no escape from the conclusion that the appellants' action is barred by the statute of limitations, and that appellee holds good title to said premises by adverse possession, unless the appellants can impeach the validity of the proceedings to set aside the widow's dower, on the ground that the same are absolutely void. This appellants seek to do.

Appellants contend that the decree entered in said proceedings was void because of fraud. The action of the guardian of the widow, in seeking admeasurement of dower in the premises, appears to have been in perfect good faith. There was no fraud or concealment on her part, or on the part of her guardian, shown anywhere in the record. The fact that the ancestor, Anderson Richey, occupied the premises as his own, and disposed of the same by his will, does not constitute fraud that vitiates the proceedings for admeasurement of dower.

We are satisfied from the record that there is nothing upon which to base appellants' claim of fraud in the procurement of the decree in the proceedings to admeasure dower.

It is the contention of the appellants, however, that the said decree was obtained by mistake, and therefore is absolutely void.

Appellants assert, and offer evidence to prove, that, although parties to said proceedings for the admeasurement of the widow's dower, they had no knowledge of the existence of the deed in question at said time, and believed that the said real estate belonged to Anderson Richey, and was subject to the rights of the widow therein.

No question of the rights of a minor or incompetent is involved herein. At the time the proceedings for admeasurement of dower were instituted, the appellants had all attained their majority. The appellants were made parties to said proceedings. The widow asserted in said proceedings that the said 15 acres in controversy were a part of the estate of the said Anderson Richey. As to the appellants, the proceedings were adversary. The deed under which appellants now assert title was of record. An abstract of title to the lands involved in the admeasurement proceedings was readily available, and would have at once disclosed the recitals of the deed in question. So, also, would even a casual examination of the records. There was no fraud or concealment. The appellants simply claim that they did not know of their rights under the deed in question at that time, and hence, by mistake, failed to assert the same in such proceedings. But this is no sufficient ground upon which to declare the proceedings in question to be absolutely void. If they are voidable merely, they cannot be impeached in this action. The decree in the probate proceedings is a verity, and must stand, so far as this case is concerned, unless it is absolutely void. If there are decisions holding that, under circumstances of this kind, a decree can be impeached collaterally, as being absolutely void, because of a mistake of the character herein indicated, counsel has not called them to our attention. It is simply a case where a party failed to make inquiry and to ascertain facts readily available to him, and to assert his rights in a legal proceeding to which he was a party, and many years later, seeks to impeach the decree entered in such proceeding as being void because he failed to so ascertain and assert his rights. This he cannot do. This is not such a mistake as renders the decree absolutely void, and subject to impeachment collaterally whenever and wherever rights are asserted thereunder.

In any event, we are of the opinion that, under the facts of

this case, the appellants are now estopped from asserting their claims under said deed as against the rights of appellee, holding under a title obtained in a proceeding to which appellants were parties. The statute of limitations is also a complete bar to appellants' right to recover in this action.

The law in respect to adverse possession, estoppel, and the statute of limitations in actions of this kind is so well established that citation of authorities is unnecessary.

We reach the conclusion that the decree of the district court dismissing appellants' petition and quieting the title to the premises in controversy in the appellee was correct, and the same is—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.